IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA A. POLI, | : | 3:16-cv-755 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | : | Hon. Joseph F. Saporito, Jr. |
| Defendant. | : | |

## ORDER

**August 11, 2017**

**AND NOW**, upon consideration of the Report and Recommendation of United States Magistrate Judge Joseph F. Saporito, Jr. (Doc. 16), recommending that the decision of the Commissioner denying Plaintiff's benefits under the Social Security Act be vacated because the aforesaid decision was not supported by substantial evidence and that this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to conduct a new administrative hearing, and noting that the Commissioner filed objections to the Magistrate Judge's report (Doc. 17) to which the Plaintiff responded (Doc. 18),[2] and the Court

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and thus pursuant to Fed. R. Civ. P. 25(d) she is substituted for Carolyn W. Colvin as the defendant in this action.

[2] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule

finding Judge Saporito's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court further finding the Commissioner's objections to be unpersuasive,[3] **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Saporito (Doc. 17) is **ADOPTED**.[4]

2. A separate Judgment Order follows.

> s/ John E. Jones III
> John E. Jones III
> United States District Judge

---

of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

[3] We reject the Commissioner's contention that the Magistrate Judge erred in his reasoning and conclusions in determining that the ALJ's decision regarding the Plaintiff's claim for benefits was not supported by substantial evidence. Rather, we find that Judge Saporito's analysis was thoughtful, cogent and detailed. In this matter, the ALJ made errors assessing the medical opinion evidence and the Plaintiff's own statements. By virtue of these errors, the ALJ may have failed to properly include limitations when determining the Plaintiff's RFC assessment or hypothetical question. Thus, the most appropriate course is to remand this matter for a new hearing.

[4] We shall decline the Plaintiff's invitation to remand this matter to a different ALJ based on the ALJ's previous decision to prohibit the Plaintiff's attorney, who is also her fiancé, from testifying in the prior matter. We recognize that because this matter is being remanded, the question of whether Attorney Cohen will be permitted to testify on Plaintiff's behalf will likely arise again. As noted by the Magistrate Judge, it is within the discretion of the trial judge, here the ALJ, to make decisions regarding the subject and scope of testimony from any witnesses, as well as how and when the witness testifies at the hearing, thus it would be inappropriate for the Court to wade into this area. However, we further agree with the guidance given by Judge Saporito at pages 33 to 35 of his report, and we echo the Magistrate Judge's suggestion that the parties and the ALJ should attempt to resolve this issue before conducting the second hearing. We further agree that, should the ALJ prohibit Attorney Cohen from testifying in this second proceeding, that the ALJ's reasons for the prohibition be thoroughly explained on the record.